UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK BROWN,

        Petitioner,

                                        CASE NO. 2:13-cv-11876
v.                                    DISTRICT JUDGE SEAN F. COX
                                       MAGISTRATE JUDGE LAURIE J. MICHELSON

J.A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS CORPUS PETITION**

Petitioner Roderick Brown is an inmate at the Federal Correctional Institution in Milan, Michigan. He recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241. Brown is challenging his federal convictions and sentence on grounds that (1) he was convicted and sentenced for conduct that is not a federal crime and (2) his sentence was illegal. Because Brown may not challenge his federal convictions and sentence under § 2241, his petition must be dismissed.

**I. BACKGROUND**

Brown was charged in a nine-count indictment, which was filed in the United States District Court for the Northern District of Georgia. In 2004, he pleaded guilty to the following three counts: conspiracy to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846 (count 1); possession of cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 851 and 18 U.S.C. § 2 (count 7); and possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c) (count 8). At the plea hearing, Brown agreed with the following factual proffer made by the Government:

> [I]n the summer of 2002 an agent or officers from the Dekalb County drug task force began an investigation into the codefendant Gwendolyn Brown, and as part of this investigation a Dekalb County police officer went undercover and began purchasing cocaine from Gwendolyn Brown. It became apparent to them right away that she was being supplied from somewhere, and during the course of the investigation, specifically late in the summer, the undercover officer was present when the defendant, Mr. Roderick Brown, delivered a quantity of cocaine to Ms. Gwendolyn Brown . . . so that Ms. Gwendolyn Brown could then sell the cocaine to the undercover officers. Once the officers were able to identify the defendant Roderick Brown, they set up a deal with Gwendolyn Brown and at the same time set up surveillance on Mr. Roderick Brown's apartment in Smyrna, Georgia.
>
> When the deal was set up, Ms. Gwendolyn Brown said she had to call her supplier. She placed a phone call, which phone records indicated was placed to Roderick Brown. The agents surveilling Mr. Brown's apartment actually saw him leave the apartment then right after the phone call was made, return to the apartment, get a paper bag, bring it out to his car and leave on interstate county 20 to come to Dekalb County.
>
> Police officers stopped Mr. Brown in his vehicle on interstate 20 just before he got to the exit where Ms. Gwendolyn Brown was waiting. Inside his vehicle, in the paper bag he had been seen carrying, was a quantity of cocaine, about 725 grams of powder cocaine. Additionally, in the vehicle with him was a Taurus 357 caliber revolver.

*United States v. Brown*, 346 F. App'x 481, 483 (11th Cir. 2009).

The trial court sentenced Brown to concurrent terms of ten years in prison for the conspiracy and drug convictions (counts 1 and 7) and to a consecutive sentence of five years in prison for the firearm conviction (count 8), for a total of fifteen years. Brown filed a *pro se* notice of appeal, but the Federal Court of Appeals for the Eleventh Circuit dismissed the appeal for lack of jurisdiction.

Brown subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He challenged his sentence, the plea agreement, and his trial attorney's representation. The trial court initially denied the motion, but, following an evidentiary hearing on Brown's claim of ineffective assistance of counsel, the court granted Brown's motion and

vacated his sentence.  At the subsequent re-sentencing hearing, the trial court imposed the same sentence.  Brown appealed, but the Court of Appeals for the Eleventh Circuit affirmed his sentence.  *See Brown*, 346 F. App'x at 481.  In 2010, Brown filed a second motion to vacate sentence, which remains pending in the Northern District of Georgia.  *See United States v. Brown*, No. 1:03-CR-00209 (N.D. Ga. Mar. 8, 2010).

On April 26, 2013, Brown filed his habeas corpus petition in this District.  He claims that the trial court imposed an illegal sentence on counts 1 and 7 and that he was convicted and sentenced on count 8 for conduct that is not an offense under federal law.

## II.  DISCUSSION

### A.  Legal Framework

The primary mechanism for federal prisoners protesting the legality of their sentences or claiming the right to release as a result of an unlawful sentence is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  A federal court may not entertain an application for the writ of habeas corpus by a prisoner who is authorized to apply for relief by motion to the court that sentenced him unless it "appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention."  28 U.S.C. § 2255(e).[1]  In other words, "a federal prisoner may file a § 2241 petition contesting the legality of his detention only if his claim is such that he cannot obtain effective relief on direct appeal or through a § 2255 motion."  *Garcia-Echaverria v. United States*, 376 F.3d 507, 510 (6th Cir. 2004).

---

[1] The quoted language is known as the "savings clause" of § 2255.

Although "[i]t is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999), Brown has not alleged or otherwise shown why a motion under § 2255 is an inadequate or ineffective means of challenging his convictions and sentence. Moreover,

> [t]he unavailability of § 2255 relief does not alone establish inadequacy or ineffectiveness under the savings clause. Th[e Federal Court of Appeals for the Sixth Circuit] has clearly stated that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate[.]"

*Peterman*, 249 F.3d at 461 (quoting *Charles*, 180 F.3d at 756).

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Peterman*, 249 F.3d at 461. "The savings clause may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To establish that he is actually innocent, [Brown] 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 391 F.3d 799, 802 (6th Cir. 2004) (quoting *Bousley*, 523 U.S. at 623).

### B. Application

#### 1. Count 8

Although Brown pleaded guilty to the charged offenses, he contends that the firearm count (count 8) combined various elements of 18 U.S.C. § 924(c) and was worded in such a way that the language cannot reasonably be construed to have charged him with a crime under federal

law. Section 924(c) establishes penalties for

> any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . .

18 U.S.C. § 924(c)(1)(A). This statute "criminalizes two separate offenses - (1) *using or carrying* a firearm *during and in relation to* a drug trafficking crime, and (2) *possessing* a firearm *in furtherance of* a drug trafficking crime." *United States v. Combs*, 369 F.3d 925, 931 (6th Cir. 2004) (emphasis in original). According to Brown, count 8 of his indictment "mixed and matched" the "use" or "carry" prong and the "possession" prong of § 924(c) by charging him with possession of a firearm "during and in relation to a drug trafficking crime." He asserts that there is no federal crime prohibiting "possession" of a firearm "during and in relation to" a drug crime. What is prohibited is use or carrying a firearm "during and in relation to" a drug trafficking crime or possession of a firearm "in furtherance of" a drug trafficking crime.

At the plea hearing, however, Brown agreed with the Government's factual proffer, which established that

> (1) the government arranged a controlled drug transaction through Gwendolyn Brown, a woman to whom Brown previously had sold drugs; (2) immediately after the phone call with Gwendolyn Brown, officers saw Brown leave his apartment with a paper bag and enter his car; (3) officers stopped Brown in his vehicle just before he got to the interstate exit where Gwendolyn Brown was supposed to be waiting; and (4) a search of Brown's vehicle recovered the paper bag he had been seen carrying, which contained about 725 grams of powder cocaine, and a Taurus 357 caliber revolver.

*Brown*, 346 F. App'x at 490.

The Eleven Circuit concluded from these facts that Brown's "conduct clearly [fell] within and establishe[d] both of § 924(c)'s prongs." *Id*. This Court agrees. The facts, as

admitted by Brown at his plea, established that he possessed a firearm in furtherance of a drug trafficking crime and that he was carrying a firearm during and in relation to a drug trafficking crime. Consequently, Brown has not established that he is actually innocent of violating § 924(c) so as to permit review under § 2241 pursuant to the "savings clause" of § 2255.

### 2. Counts 1 and 7

Brown's second and final claim pertains to his sentence for the conspiracy and drug counts. He contends that the statutory penalty was five to forty years for the gun charge in count 8, but the trial court improperly enhanced his mandatory minimum sentence of five years to make it ten years. He also claims that the prosecution did not fulfill its promise to recommend a sentence at the low end of the sentencing guidelines range of 57 to 71 months (4 years, 9 months to 5 years, 11 months).

"Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 1632 (2013). Furthermore, Brown exercised opportunities to challenge his sentence on appeal and in his motions under § 2255. Because Brown had prior opportunities to raise his arguments, and because there has been no intervening change in the law or extraordinary circumstances suggesting that he may be actually innocent of the crimes for which he was sentenced, he is not entitled to challenge his sentence in a habeas petition under § 2241. *Duke v. Thomas*, 8 F. App'x 498, 500 (6th Cir. 2001). "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id*. at 501 (citing *Charles*, 180 F.3d at 758).

### III. CONCLUSION

Brown has not met his burden of proving that a § 2255 motion is an inadequate or ineffective remedy to challenge his convictions and sentence. Accordingly, the petition for a writ of habeas corpus [Dkt. #1] is summarily **DISMISSED** without prejudice pursuant to Habeas Rule 4, which "allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).[2] Finally, because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241 where detention is pursuant to federal process, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Brown need not apply for one if he chooses to appeal this Court's decision.

Dated: June 28, 2013                                              S/ Sean F. Cox
                                                                                    Sean F. Cox
                                                                                    U. S. District Court Judge


I hereby certify that on June 28, 2013, the foregoing document was served upon counsel of record by electronic means and upon Roderick Brown by First Class Mail at the address below:

Roderick Brown #54662-019
Milan Federal Correctional Institution
Inmate Mail/parcels
P.O. Box 1000
Milan, MI 48160

Dated: June 28, 2013                                              S/ J. McCoy
                                                                                    Case Manager

---

[2] The rules governing cases under 28 U.S.C. § 2254 also apply to habeas petitions not filed under § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.